Per Curiam.

On a cause of action accruing in 1929, on which plaintiff did not bring suit until 1935, at which time defendant defaulted in appearance and pleading but plaintiff failed to enter judgment, plaintiff on December 20,1948, has procured an order directing that judgment be entered in twice the original sum sought by reason of the interest accruing during the long delay.
Defendant denied service and the only proof of any service was the proof of the signatures on the affidavit of the process server, who had died five years before the hearing, and of the notary who took the affidavit, who had died a dozen years before. By the extraordinary delay herein involved, twenty years from the claim and thirteen years from the default entitling entry of judgment at that time, defendant has been obviously prejudiced.
The failure to enter a default judgment for so many years is, as the Judicial Council has pointed out, a failure diligently to prosecute, and such excessive delay was prejudicial. Dilatory tactics such as here pursued should not be encouraged. The delay in this case is so excessive that the motion to enter the default judgment should be denied and the complaint dismissed *359 for failure to prosecute (Thirteenth Annual Report of N. T. Judicial Council, 1947, pp. 216, 222; Rules Civ. Prac., rule 302).
The judgment and orders appealed from should be reversed and the motion to dismiss the complaint granted, with costs to the appellant.
Dobe, Van Vooehis and Shientag, JJ., concur; Glennon, J. P. and Callahan, JJ., dissent and vote to affirm.
Judgment and orders reversed, with costs to the appellant, and the motion to dismiss the complaint granted. Settle order on notice.